**Nasrul FUADI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 01–70336
INS No. A76–641–143.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 22, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Larin–Bonilla's request for oral argument is denied.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

### MEMORANDUM**

Nasrul Fuadi, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal and relief pursuant to the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of due process violations in removal proceedings. *Perez–Lastor v. INS,* 208 F.3d 773, 777 (9th Cir.2000). We deny the petition.

Fuadi contends that the IJ deprived him of a fair hearing by denying him counsel. The record, however, indicates that the IJ informed Fuadi of his right to counsel at his own expense, gave him a list of local attorneys and continued the hearings four times to allow him to secure an attorney. *See Acewicz v. INS,* 984 F.2d 1056, 1062–63 (9th Cir.1993) (describing regulations governing right to counsel in immigration hearings). Furthermore, Fuadi has not made the required showing that counsel might have obtained a different result by a more skillful marshalling of the facts and arguments. *See id.* Fuadi's lack of counsel did not constitute a due process violation. *See id.*

Fuadi also contends that the IJ did not allow him to fully explain his testimony. The BIA explicitly considered the information Fuadi contends the IJ failed to elicit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The Attorney General of the United States is the proper respondent in a petition for review of an order of removal. *See* 8 U.S.C. § 1252(b)(3)(A).

*See Elnager v. INS,* 930 F.2d 784, 785 (9th Cir.1991).

### PETITION FOR REVIEW DENIED.